UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

BRARAILTY "REL" Dowdell,

Plaintiff,

v.

TRUSTEES OF BOSTON UNIVERSITY,

Defendant.

This document is 8 pages.

DOCKET NO: 1:24-cv-10014-IT

**MOTION OF RECONSIDERATION TO DEFENDANT'S GRANTING OF OPPOSITION TO PLAINTIFF'S MOTION FOR SANCTIONS REGARDING DEFENDANT'S COUNSEL JENNIFER C. PUCCI KNOWINGLY ISSUING AND FILING AN ILLEGAL, WRONGFUL, AND IMPROPER SUBPOEENA**

I, Brarailty J. Dowdell. the Plaintiff in this action am supplying a Motion of Reconsideration to the recently granted Opposition to Plaintiff's Motion for Sanctions regarding Defendant's Counsel Jennifer C. Pucci knowingly issuing and filing an illegal, wrongful, and improper subpoena. Sanctions are warranted against attorney Jennifer C. Pucci and the Defendant, for issuing an illegal and wrongful subpoena in violation of being improper e.g., Rule 45 of the Federal Rules of Civil Procedure which includes following proper protocol and proper authority with filing an out-of-state subpoena causing undue and harmful burden in conjunction with Rule 37 as well as violations of Rule 11 and Rule 26 of the Federal Rules of Civil Procedure.

After reading attorney Jennifer Cullinane Pucci's Opposition to Plaintiff's Motion for Sanctions, the Plaintiff earnestly and ungently would like to also bring to the Court's attention some serious and tangible erroneous and false statements made in attorney Jennifer Cullinane Pucci's aforementioned documents in an attempt to shroud the Court's judgment in the matter with frivolous and pretentious commentary for a futile defense for legal wrongdoing by a licensed attorney.

  A. <u>Defendant tries to cite case to shroud fully issued and completed subpoena</u>

Attorney Jennifer Cullinane Pucci states in her Opposition to Plaintiff's Motion for Summary Judgment a reference to case and case laws in "Triantos v. Guaetta & Benson, LLC, 91 F.4th 556, 561 (1st Cir. 2024); Fed. R. Civ. P. 11(c)(2). "[S]anctions may be sought only if the challenged pleading is not withdrawn or corrected within twenty-one days after service of the motion." Id. However, this is assuredly not applicable here, for in the subpoena materials that were emailed to the Plaintiff on Monday, September 23rd 2024 by Sabine Haskell, the subpoena was already completed with no margin for correction or suggested input by the Plaintiff for the subpoena to *The Tennessee Tribune*. The email from Sabine Haskell to the Plaintiff with the subpoena material attached specifically states, "*Please find attached a notice of subpoena and attached subpoena materials issued in this matter. Thank you.*" It doesn't state, "We intend to issue a subpoena to *The Tennessee Tribune*. If you want to discuss the matter……" The same use of past tense verbs are seen in the attached letters of correspondence by attorney Jennifer Cullinane Pucci, which shows the documents' finality in presentation. Therefore, the point that attorney Jennifer Cullinane Pucci is invalid and is making a desperate attempt to make it appear that there was room for discussion on the matter with the Plaintiff, when it clearly wasn't.

In addition, attorney Jennifer Cullinane Pucci makes an additional attempt to shroud the Court's judgment by stating that, "The subpoena was served on the Tennessee Tribune on September 30, 2024. See Return of Service, at Exhibit B. Plaintiff did not reply to Defendant's September 23, 2024 email notifying him about the subpoena or reach out to undersigned counsel at any point regarding the subpoena prior to filing D.E. 58 with the Court on December 2, 2024 – nearly ten weeks after he had initially received notice of the subpoena." This point is also invalid and irrelevant, for there was no "Return of Service" ever emailed to the Plaintiff at any point after the initial email from sent with the subpoena materials to the Plaintiff. Thus, attorney Jennifer Cullinane Pucci is assuming that the Plaintiff was aware of when she received a Return of Service, which is completely improbable. The bottom line is that the subpoena materials that were sent to the Plaintiff were non-negotiable for any type of amenable and flexible dialogue in every facet of the language that was conveyed, thus completely nullifying the aforementioned 21-day rule. Also, the Pro Se Plaintiff does not have a legion of attorneys' assistance needs as attorney Jennifer Cullinane Pucci does, so taking "neatly ten weeks" to respond to the illegal matter should be taken into context, especially since it was addressed in ample time before the final date of fact discovery.

      B. <u>Attorney Jennifer C. Pucci tries to rationalize illegal subpoena with stating that it was justified since The Tennessee Tribune complied with her requests.</u>

Attorney Jennifer Cullinane Pucci states in her Opposition to Plaintiff's Motion for Sanctions that "The Tennessee Tribune has already replied to the subpoena, engaged with undersigned counsel on the same, and produced the relevant materials promptly, without issue." This means nothing, for *The Tennessee Tribune* may not have known that the subpoena was issued illegally, unless it knew the mandated subpoena rules of the UIDDA. The absolute

certainty is that attorney Jennifer Culluanne Pucci used illegal means to obtain evidence as emphasized in point C below.

> C. <u>Attorney Jennifer Cullinane Pucci did not follow *any* mandated UIDDA rules for issuing an out-of-state subpoena</u>.

Attorney Jennifer Cullinane Pucci states in her Opposition to Plaintiff's Motion for Sanctions that, "Plaintiff also argues that undersigned counsel failed to follow Tennessee rules or obtain a Tennessee clerk's signature on the subpoena. None of these steps are required for service of a federal subpoena. Fed. R. Civ. P. 45. In accordance with federal rules, the subpoena sought production to a law firm located in Nashville, TN – within the geographic limits specified in Rule 45(c). See Exhibit A, at 4. No engagement with the Tennessee court system is required." This is absolutely not true in any way, for the aforementioned law firm located in Nashville, TN was not the entity that issued the subpoena, attorney Jennifer Cullinane Pucci was, for her employer, the Defendant.

In <u>Exhibit A</u>, some segments are seen from an article published by *The Tennessee Bar Association* called "Foreign Subpoenas: A Practical Guide to the UIDDA" by attorney John Floyd on September 1, 2023. He states, "The UIDDA process is straightforward. In Tennessee, the out-of-state attorney will submit the out-of-state subpoena to the clerk of court "in the county in which discovery is sought to be conducted[.]"[3] Then, the clerk "shall promptly issue a subpoena for service upon the person to which the foreign subpoena is directed."[4] The subpoena will incorporate the terms and language of the foreign subpoena as well as the contact information of all counsel or pro se parties." However, these rules apply to attorneys who work in states that are a part of UIDDA. Massachusetts is one that does not, which makes the process more complex.

In <u>Exhibit B</u>. excerpts are shown from a commentary called, "A Practical Guide to Obtaining a Foreign Subpoena" on a law website called *PKLaw.com*. In section three which is

called "Call the court," it states that, "Some courts that have not yet adopted the UIDDA will require an approved commission, Letters Rogatory, or Order from your court. Once drafted, file it with your court. Once it is approved and received back, it can then be filed with the out-of-state court in order to request the out-of-state subpoena." Unequivocally, attorney Jennifer Cullinane Pucci did not follow any of these requirements in any way, and cannot show anywhere that a law firm in a specific area in proximity can be the official substitute for the out-out-state attorney's request for an out-of-state subpoena.

In Exhibit C in an article called, "Serve a Subpoena through the UIDDA (Uniform Interstate Depositions and Discovery Act" on a website called *dgrlegal.com*, it importantly states that even if a process server is used, a clerk's signature, supervision, and involvement are still required. It states, "Given the variances in state rules and policies, using a process server can be extremely beneficial in expediting the timeline and accuracy of domesticating a foreign subpoena. DGR is familiar with every court clerk and has facilitated service through the UIDDA in thousands of cases. You'll save time on the research involved in locating the correct court clerk and local process, while ensuring accuracy and speed of completion with a knowledgeable vendor." This is especially applicable to the evidence that attorney Jennifer Cullinane Pucci herself supplied in her recent Opposition, for the server who she showed served the subpoena, Bright Omenukwa, did not show in any way that the individual obtained any approval from any Tennessee clerk to issue the subpoena, which fully discredits and nullifies attorney Jennifer Cullinane Pucci's own submitted evidence.

Exhibit D shows supplemental critical information from a process serve website called *serveindex.com* in commentary called "Domesticating Out-of-State Subpoenas" where it states,

"As said before, domesticating a subpoena can be complicated due to differing state laws." It then states in a section called "Traditional Methods of Subpoena Domestication" that in addition to Massachusetts being one of the states that has, and has no plans of adopting the UIDDA that for those states, "You will need to utilize traditional domestication methods to serve subpoenas in these states, and they vary significantly. For example, some require you to file an application with the county clerk where the recipient lives. In others, you may need a court order." None of these essential steps were followed in any way by attorney Jennifer Cullinane Pucci nor Bright Omenukwa.

Lastly, Exhibit E, perhaps, conveys the best and most precise information for what has occurred here with attorney Jennifer Cullinane Pucci's issuing of an illegal subpoena, in an excerpt from an article on *legal.thomsonreuters.com* entitled "The Last Frontier: Seeking Out-of-State Discovery in State Court" by Brandon Leviit on January 16, 2020. Mr. Levit states, "Attorneys are well versed in their own state's procedure for subpoenaing a non-party. However, attorneys often do not devote any significant time to researching a foreign state's procedure for recognizing and enforcing that subpoena. (An attorney may prefer to cross his fingers and hope the witness just complies.) But with just a few basic steps, an attorney can conquer this frontier as a lawman, not an outlaw." The illegal actions from attorney Jennifer Cullinane Pucci, no matter what angle viewed from, were those of an "outlaw" in obtaining evidence for her employer, the Defendant. Nowhere in her Opposition did attorney Jennifer Cullinane Pucci cite an exact law that states that a law firm in proximity to the out-of-state designation can officially and legally substitute for the attorney that issued the subpoena. As Mr. Levitt stated, "an attorney may prefer to cross fingers and hope the witness just complies," which is precisely what attorney Jennifer Cullinane Pucci did.

In summation, even though the Plaintiff is Pro Se and not a "licensed attorney," it does not mean that he is not legally right in fully conveying that attorney Jennifer Cullinane Pucci issued an illegal subpoena in all facets and warrants full sanctions by the Court. Attorney Jennifer Cullinane Pucci even provided additional evidence against herself and her unlawful actions by showing that her designated server, Bright Omenukwa, didn't follow any proper protocols with the issuing an out-of-state subpoena, especially with a state that has never adopted the UIDDA. In looking very closely at attorney Jennifer Cullinane Pucci's recently filed Opposition, one can see that she never mentioned that she was the one who issued the illegal subpoena.

Moreover, the Pro Se Plaintiff has done nothing during this case to warrant any sanctions and been respectful at all times to the Court; however, the Plaintiff has had to hear from the Court that if he doesn't file certain documents correctly that his filing privileged will be taken away with no margin for error, which is disconcerting and subsequently mitigates faith in this process for justice. The Pro Se Plaintiff unequivocally has done his very best to follow all guidelines and rules. In addition, the Plaintiff has cited numerous legitimate occasions of abusive and manipulative conduct from attorney Jennifer Cullinane Pucci and has never had the chance to explain his concerns in person to the Court.

Thus, the Plaintiff hopes, with utmost respect, that the Court grants the Plaintiff's Motion for Reconsideration. Neither attorney Jennifer Cullinane Pucci nor her designated server, Bright Omenukwa, took any of the proper and legal steps to issuing an out-of-state subpoena, especially when adhering to the UIDDA's regulations regarding issuing of the such, which are inflexible. Moreover, if the Plaintiff's Motion is denied, as with all of the other Motions and Memorandums previously filed, the Plaintiff will respectfully file a final request of the Court soon afterwards that he hopes will be received and subsequently granted.

        Respectfully submitted,

        BRARAILTY "REL" DOWDELL
        Pro se plaintiff
        */s/ Brarailty "Rel" Dowdell*

        Brarailty "Rel" Dowdell
        reldowdell@yahoo.com

        61 Hollis Wood Drive
        Hampton, VA 23666
        (267) 226-8709

Dated:    December 17, 2024

## CERTIFICATE OF SERVICE

I hereby certify that this document was filed through the ECF system. Also, copies will be sent to attorney Jennifer C. Pucci at jcpucci@bu.edu and her assistant Sabine Haskell at haskells@bu.edu on December 17, 2024.

        /s/ Brarailty "Rel" Dowdell
        Brarailty "Rel" Dowdell