## EXHIBIT A





Evidence located in another state presents a challenge for litigators in nearly every type of civil case. For example, a divorce practitioner may find that a spouse has businesses located in another state. Creditors may be located out of state. Heirs may have moved. Witnesses (especially those who think they may be in trouble) disappear across state lines. Each of these situations present a challenge for securing testimony and evidence since a Tennessee court cannot enforce a subpoena served on these out-of-state persons or entities.[1]

### The Uniform Interstate Depositions and Discovery Act

In 2007, the Uniform Law Commission developed the Uniform Interstate Depositions and Discovery Act (UIDDA) in order to provide a more efficient and inexpensive way to depose out-of-state individuals and obtain evidence from individuals and entities located in another state.[2] The UIDDA has been adopted by every state except for Texas, Missouri and Massachusetts. Thus, it is the primary law every practitioner should be familiar with when faced with securing evidence that is located in another state. Prior to adopting the UIDDA, litigants would have to obtain a commission from the foreign state or file an ex parte motion in the court of the discovery state where the discovery is sought. This was an expensive quest that often required retention of local counsel.

The UIDDA process is straightforward. In Tennessee, the out-of-state attorney will submit the out-of-state subpoena to the clerk of court "in the county in which discovery is sought to be conducted[.]"[3] Then, the clerk "shall promptly issue a subpoena for service upon the person to which the foreign subpoena is directed."[4] The subpoena will incorporate the terms and language of the foreign subpoena as well as the contact information of all counsel or pro se parties.[5]

## EXHIBIT B



FIRM          SERVICES          IDEAS

### A Practical Guide to Obtaining a Foreign Subpoena



By:  Kizzy Bivins, Paralegal and Laura Marin, Paralegal

A foreign subpoena is a subpoena issued under the authority of a court of record of a foreign jurisdiction. This includes the 50 states, District of Columbia, Puerto Rico and Virgin Islands. A foreign subpoena is needed when you want to take the deposition of a non-party or obtain records from a non-party in another state.

 **Before You Start:**

**EXHIBT B (cont.)**

**Step 3: Call the court.**

- Once you know the court you need to get the foreign subpoena from, call them and ask what their procedure is for obtaining the foreign subpoena.
- Take very detailed notes, and make sure that you know where to get any forms, if they have any.
- Find out whether there are any fees and who the check gets made out to, if there are any.
- Make sure you follow the procedures word for word. Court procedures may differ from county-to-county or court-to-court, even within the same state and some courts will kick back the subpoena for the slightest errors.
- Record the name and number of the person you spoke with in case you need to call and follow up.
- Some courts that have not yet adopted the UIDDA will require an approved commission, Letters Rogatory, or Order from your court.
- Once drafted, file it with your court. Once it is approved and received back, it can then be filed with the out-of-state court in order to request the out-of-state subpoena.
- If something of this nature needs to be filed with the out-of-state court, depending on the court, you will need to hire a firm in that state to assist in filing the documents.

**EXHIBIT C**



PROCESS SERVICE ⌄     ABO

Eliminate the need to hire an attorney in another state to reissue a subpoena by utilizing the UIDDA. Created to facilitate easier service of process of subpoenas over state lines, the new procedure introduced by the UIDDA in 2007 simplifies deposing individuals and producing discoverable evidence.

## WHY USE A PROCESS SERVER

Even though the process has been simplified, it doesn't mean that the documents can be served as is within a different state than the original jurisdiction. The UIDDA process, in most cases, requires dealing with the clerk of the court in the jurisdiction where discovery is being sought. While you don't need to file a motion, this subpoena does still need to be reissued in the new jurisdiction.

Given the variances in state rules and policies, using a process server can be extremely beneficial in expediting the timeline and accuracy of domesticating a foreign subpoena. DGR is familiar with every court clerk and has facilitated service through the UIDDA in thousands of cases. You'll save time on the research involved in locating the correct court clerk and local process, while ensuring accuracy and speed of completion with a knowledgeable vendor.

**EXHIBIT D**

 **SERVE INDEX**     Home    About Us    Services    Service Areas    Testimonials

## Domesticating and Serving Out-of-State Subpoenas

# Traditional Methods of Subpoena Domestication

There are still a handful of states that have not adopted the UIDDA and have no plans of doing so in the future:

- New Hamshire
- Massachusetts
- Connecticut
- Missouri
- Texas
- Wyoming

You will need to utilize traditional domestication methods to serve subpoenas in these states, and they vary significantly. For example, some require you to file an application with the county clerk where the recipient lives. In others, you may need a court order.

Fortunately, all states besides the six mentioned above have adopted the UIDDA. The subpoena domestication process in those states is much easier.

**EXHIBIT E**



EFFICIENCY

# The last frontier: Seeking out-of-state discovery in state court

**Brandon Levitt** Thomson Reuters

January 16, 2020 · 5 minute read









A party in litigation often needs to obtain discovery from a witness located out-of-state. In federal court, Federal Rule of Civil Procedure (FRCP) 45 uniformly governs the process for issuing and serving a subpoena on an out-of-state witness nationwide. In state court, by comparison, it's the Wild West. The very first step is often the most daunting: what law applies?

Attorneys are well versed in their own state's procedure for subpoenaing a non-party. However, attorneys often do not devote any significant time to researching a foreign state's procedure for recognizing and enforcing that subpoena. (An attorney may prefer to cross his fingers and hope the witness just complies.) But with just a few basic steps, an attorney can conquer this frontier as a lawman, not an outlaw.