1

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

BRARAILTY "REL" Dowdell,

*Plaintiff,*

v.

TRUSTEES OF BOSTON UNIVERSITY,

*Defendant.*

**DOCKET NO: 1:24-cv-10014-IT**

**This document is 20 pages.**

## PLAINTIFF'S MOTION TO DISQUALIFY COUNSEL

I, Brarailty J. Dowdell. the Plaintiff in this action, am supplying a Motion to Disqualify

Counsel based on credible, tangible, and documented findings that were recently discovered on

Thursday, January 2, 2025 that attorney Jennifer Cullinane Pucci has done direct work, even

recently, with the Justices of the District of Massachusetts that included The Honorable Indira

Talwani that was never shared with the Plaintiff in any way at any time since attorney Jennifer

Cullianne Pucci's entrance on the Court docket and was more than likely known by the Defendant in

order to seek an unfair advantage in this precise case. Specifically, attorney Jennifer Cullinane Pucci

had very influential and documented appointments and involvements with Merit Selection Panels for

selections and reappointments for Massachusetts District Court Magistrate Judges, which are

extremely important to the federal court system which included direct involvement with

Massachusetts District Court Judges in more than one year with 8 other members who were

particularly appointed by a majority vote of the District Judges within the Court, meaning that the

District Judges collectively decided from established criteria who would be members on the Panel.

`     This means that The Honorable Indira Talwani was involved and had knowledge of these Panel appointments that attorney Jennifer Cullinane Pucci served on in the years of 2020 and 2023. In fact, attorney Jennifer Cullinane Pucci was performing Panel duties for the United States District Court for the District of Massachusetts concurrently during the time when the aforementioned case with the Plaintiff was ongoing in 2024 which epitomizes Conflict of Interest. Thus, attorney Jennifer Cullianne Pucci should be immediately disqualified after the filing of this Motion from representing the Defendant in the case along with additional regulations and restrictions since the Court never took these very serious and applicable connections between attorney Jennifer Cullinane Pucci and the United States District Court District of Massachusetts into consideration as a direct Conflict of Interest which adversely and subsequently affected the Plaintiff immeasurably. With foremost attention warranted in this case, "When faced with a disqualification motion, 'the court's function is to take such action as is necessary to insure the proper representation of the parties and fairness in the conduct of the litigation.'" See *Bridges v. Alcan Const.*, 134 A.D.2d 316, 316 (2d Dept. 1987).

## STATEMENT OF FACTS

1. This action is currently pending before the Court, involving Plaintiff Brarailty "Rel" Dowdell and Trustees of Boston University, represented by counsel Jennifer Cullinane Pucci.

2. The factual basis for the disqualification request derives from the Plaintiff's recent discovery on Thursday, January 2, 2025 that, one more than one occasion, attorney Jennifer Cullinane Pucci has served in the capacity of being a member of a Merit Selection Panel to review reappointments for Magistrate Judges as well as selection successors to fill vacated positions by Magistrate Judges. As seen in Exhibit A in a letter by Massachusetts District Judge Mark G. Mastroianni on October 3, 2021, "The merit selection panel will be composed of nine individuals appointed by majority vote of the District Court." Attorney Jennifer Cullinane Pucci served as a principal member of this Panel of

designated selectees in the years of 2020 and 2023, meaning that she served in this capacity while The Honorable Indira Talwani was a District Judge, for The Honorable Indira Talwani was confirmed on May 8, 2014 and was a part of those who voted in favor of attorney Jennifer Cullinane Pucci being a member of the Panel of 9, as stated by Massachusetts District Judge Mark G. Mastroianni.

3. As seen in <u>Exhibit B</u> of the same letter by Massachusetts District Judge Mark G. Mastroianni, it states, "The merit selection panel plays a critical role in the process for appointing and reappointing magistrate judges. When there is a vacancy, the merit selection panel reviews applications, conducts interviews, contacts references, evaluates candidates, and recommends a list of candidates to the District Court. During the reappointment process, the merit selection panel reviews the performance of the sitting magistrate judge, considers comments received from members of the bar and the public, and may conduct interviews. The merit selection panel then reports to the District Court whether it recommends the reappointment of the sitting magistrate judge. After receiving recommendations from the merit selection panel regarding appointments or reappointments, the District Court will make a determination on each action by a majority vote." This means that attorney Jennifer Cullianne Pucci and her fellow Panel members had frequent access which included emails, dialogue, and other types of meetings with the District Court, which included The Honorable Indira Talwani, with the highly consequential matter of selecting Magistrate Judges.

4. <u>Exhibit C</u> shows credible researched evidence that every appointee to the Merit Selection Panel for Magistrate Judges is voted on by all active members of the District Court to reach a majority, meaning that The Honorable Indira Talwani was definitely included in the affirmation and confirmation of attorney Jennifer Cullinane Pucci in both aforementioned years of her selection.

5. <u>Exhibits D-H</u> are official letters from Massachusetts District Judge Mark G. Mastroianni and Massachusetts District Judge Patti B. Saris which show attorney Jennifer Cullianne Pucci's name as

one of those appointed 9 members of the Panel. Each letter states specific language that, "After consideration by this court of Section 3.02 of the "Regulations of the Judicial Conference of the United States Establishing Standards and Procedures for the Appointment and Reappointment of United States Magistrate Judges," it is hereby ORDERED that the following persons are appointed members of the Merit Selection Panel," By using the specific language of "*this court of Section 3.02,*" it means that the appointments of attorney Jennifer Cullinane Pucci were confirmed along with the other District Court Judges by The Honorable Indira Talwani, herself being a District Court Judge. There is no language that states in either letter that the appointment was given with any of the District Court Judges being recused from the selection process, which included The Honorable Indira Talwani. In the Public Notice attached to the Order written by District Judge Patti B. Saris, it states, "A list of the members of the panel constituted by the Court is set forth in the attached Order." This means that The Honorable Indira Talwani was one of the members of the Justices who was involved with the selection and approval of attorney Jennifer Cullinane Pucci to be a Panel member. Also importantly, in the Order written by District Judge Patti B. Saris, it states, "The Panel will, in accordance with the above regulations, report to the court on or before March 22, 2024 its recommendations regarding the appointment of a new Magistrate Judge." This means that attorney Jennifer C. Pucci was performing duties for the Justices during the exact time the case with the Plaintiff was ongoing, for her name arose on the Court docket on January 12, 2024. In addition, this means that the appearance of attorney Jennifer Cullinane Pucci on behalf of the Defendant was a conscious and calculated one. The Plaintiff's complaint on the docket arose on January 3, 2024.

6. In Exhibit I, an excerpt is seen from the 2015 annual report of the United States Court First District on page 103 that, "AFPD Jennifer Pucci has worked with the District of Massachusetts on the planning and implementation of RISE, a new diversion program." This additional information also shows that attorney Jennifer Cullinane Pucci has had favorable access with members and staff of

Massachusetts District Court with planning and orchestrations of programs and initiatives.

7.  In Exhibit J, a picture is seen from a *YouTube* video called, "*Magistrate Judges: The Merit Selection Process*" (https://youtu.be/kU_jV_x-xJM). At the 1 minute 10 second mark, Judge Richard Seeborg of the U.S District Court, San Francisco, states that when the Magistrate Judge vacancy selection process begins in a particular district, the "District Court Judges identify practicing lawyers…. and two non-lawyers" to serve. At the 3 minute 51 second mark, it talks about how the applicants for the Magistrate Judge position must be aware of Conflicts of Interest before applying. One of the reasons cited for the Magistrate Judge candidate with Conflict of Interest is "Serving on a Panel." This certifies that serving on a Merit Selection Panel is a major position and importance that needs to be encompassed in impartiality and embodied in the purest form of non-allegiance to anyone. Similarly, serving on a Merit Selection Panel for the District of Massachusetts for a Magistrate Judge position is a direct conflict of interest for attorney Jennifer Cullinane Pucci to represent the Defendant while the case was ongoing *and* serving duties for the Panel. Additionally, at the 5 minute 1 second mark, Dean Joan Wexler, a former Magistrate Judge Selection Panel expresses how of any of the members of the Panel have a connection with a Magistrate Judge candidate the member of the Panel recuses him or herself. Similarly, being a Merit Selection Panel member for the District of Massachusetts that was selected by the District Court, attorney Jennifer Cullinane Pucci should have immediately recused herself from representing the Defendant in this particular case based on the long established principle of fairness and equity for a fair court process, but obviously, she elected not to in any way, especially if she is supposed to be one of a "high reputation" as Judge Richard Seeborg stated in his section. Moreover, the Court should never allow a licensed counsel to obtain a major advantage in a case with allowing Conflict of Interest with the serving on a Merit Selection Panel that was chosen by the Massachusetts District Court Judges and represent a Defendant with a connection to the counsel at any time during a case. By doing so, the principles of the justice system regarding fairness

and equality are not upheld and become immersed in impartiality, contrary to the 14th Amendment.

8.  <u>Exhibit K</u> shows an overview from different credible legal articles that state how the Merit Selection Panel works closely with the District Judges in its recommendations. Information in the articles also states that "The panel's job is to narrow the applications—typically 60 to 100—down to five candidates, who are then recommended to the district judges."

9.  <u>Exhibit L</u> shows a comprehensible, credible, and irrefutable overview of how attorneys "significantly" benefit from working with District Judges when serving on a Merit Selection Panel.

**LEGAL STANDARD**

In Massachusetts, case law regarding attorney Conflicts of Interest stems from prior involvement with a judge primarily centers around the "appearance of impropriety" principle, meaning even if a direct conflict doesn't exist, an attorney should avoid situations where his/her prior relationship could reasonably be perceived as influencing their representation of a client, which is also prohibited by Massachusetts law. This is governed in the Massachusetts Rules of Professional Conduct, specifically Rule 1.7 (Conflict of Interest: Current Clients) and Rule 1.11 (Special Conflicts of Interest for Former Government Officers and Employees). Rule 1.7 focuses on a lawyer cannot represent clients with conflicting concurrent interests which includes situations where working for the court could potentially benefit their client in a separate case, and Rule 1.11 focuses on "a lawyer should not be in a position where a benefit to the other client might affect performance of the lawyer's professional functions on behalf of the government." As stated in Rule 1.11, "power or discretion in public authority might be used for the special benefit of another client."

To summarize, the Massachusetts Rules of Professional Conduct, specifically Rule 1.7 and Rule 1.11 addresses situations where a lawyer's personal interests or representation of another client could compromise his/her ability to act in the best interest of his/her current client, essentially prohibiting any actions that could be seen as using his/her position within the court system to gain an unfair

advantage for his/her client. Thus, this legal principle represents the ethical obligation that lawyers have to avoid Conflicts of Interest, which include situations where their work for the Court could potentially benefit their private clients.

Moreover, attorneys have a required duty to disclose any potential conflicts of interests to their clients, including prior relationships with judges involved in their case. This allows the client to make an informed decision about their representation. This is, unless, the client dishonestly wants the aforementioned relationship between the attorney and judge to be an asset in their case.

## APPLICATION OF LEGAL STANDARD

Attorney Jennifer Cullinane Pucci was in clear violation of both of these Rules and any related mandates. The involvement with attorney Jennifer Cullinane Pucci with this case gives an unequivocal clear and imbalanced advantage to the Defendant which assuredly ensures that a fair trial will not be afforded in any way to the Pro Se Plaintiff. "Doubts as to the existence of a conflict of interest must be resolved in favor of disqualification."; *Delaney v. Roman*, 175 A.D.3d 648, 649 (2d Dept. 2019).

## ARGUMENT

A. The Massachusetts Rules of Professional Conduct, govern Conflicts of Interest with attorneys, specifically Rule 1.7 (Conflict of Interest: Current Clients) and Rule 1.11 (Special Conflicts of Interest for Former Government Officers and Employees). Rule 1.7 focuses on a lawyer cannot represent clients with conflicting interests, and Rule 1.11 focuses on a lawyer cannot be in a position where a benefit to another client could affect his/her professional performance for the government.

B. Moreover, attorneys have a required duty to disclose any potential conflicts of interests to their clients, including prior relationships with judges, and obtain informed consent if they wish to proceed with representation. Attorney Jennifer Cullinane Pucci was in clear violation of both of these Rules and subsequent mandate. Therefore, attorney Jennifer Cullinane Pucci should be

required by the Court to receive immediate disqualification of all duties of representing the

Defendant. The involvement with attorney Jennifer Cullinane Pucci with this case ensures that a fair

trial will not be afforded in any way to the Plaintiff.

C. In Massachusetts, the Rule that mandates a lawyer's duty to protect the integrity of the

adjudicative process is Rule 3.3- "Candor Toward the Tribunal" within the Rules of Professional

Conduct, which essentially states that a lawyer must always effectively uphold the fairness and

honesty of the legal proceedings.

D. Attorney Jennifer C. Pucci's close involvement with the Massachusetts District Court throughout

the years of The Honorable Indira Talwani's tenure as a District Court Judge undeniably gives her an

unfair and completely unknown advantage over the Pro Se Plaintiff which, in turn, needs to be

addressed promptly with attorney Jennifer Cullinane Pucci's immediate disqualification.

Furthermore, the fact that official Court decisions were made and enforced on the Court docket with

the full knowledge of attorney Jennifer C. Pucci's extensive and appointed history with the Court is

very disconcerting and disappointing to see and read by the African-American male Pro Se Plaintiff

who has, with the utmost respect to the Court, followed and adhered to all rules to the best of his

ability. Subsequently, the Pro Se Plaintiff's confidence in the judicial system has, understandingly,

been severely mitigated as a result of these accurate findings. There is no plausible way that the

extensive history of attorney Jennifer Cullinane Pucci with the Massachusetts District Court can be

simply addressed, labeled, or dismissed as inconsequential or infinitesimal, especially since attorney

Jennifer Cullinane Pucci had direct influence on the 8 year appointments of Magistrate Judges with

being selected to serve by the Massachusetts District Court on Merit Selection Panels.

E. On July 26, 2024, the Plaintiff filed an Affidavit to the Court explaining how the Plaintiff was

treated with duplicitous regard when attorney Jennifer Cullinane Pucci made efforts to have a

Magistrate Judge preside over the case. The Plaintiff filed the Affidavit in response to the

Scheduling Conference with The Honorable Indira Talwani, for the Plaintiff was questioned by The Honorable Indira Talwani on July 19, 2024 if it was the Plaintiff's preference to have a Magistrate Judge preside over the case, which the Plaintiff denied. Hence, it is now very clear why attorney Jennifer Cullinane Pucci unethically wanted a Magistrate Judge to preside over the proceedings, for attorney Jennifer Cullinane Pucci knew that she would have favor from the Magistrate Judge designated, for attorney Jennifer Cullinane Pucci has assisted directly with some of their appointments throughout the years. In addition, attorney Jennifer Cullinane Pucci never stated in her recently filed Opposition to Motion for Recusal, or for that matter, any other Court filings that she did extensive work with the Massachusetts District Court including the premier duty of assisting with selecting Magistrate Judges, which is indefensible and permeates with dishonesty. The Plaintiff's Motions on the Court docket have never been "frivolous," as incessantly deemed by attorney Jennifer Cullinane Pucci in an effort to shroud her wrongful actions to the Court. Also of note, attorney Jennifer Cullinane Pucci has been clandestine in never citing the significance of serving on the Merit Selection Panel for the Massachusetts District Court on any of her employee or social media websites like *Linkedin* with the logical reasoning being that she does not want anyone to know that she has done extensive work for Justices of the Massachusetts District Court. This is despite the high profile legal website of *The Massachusetts Bar Association* (massbar.org) writing an article called "Panel to Consider Reappointment of U.S. Magistrate Judge Hennessey" in its *Court and Community News* eJournal on October 29, 2020 which included attorney Jennifer Cullinane Pucci's name as one of the Panel's selectees. Additionally, in the "Public Notice for Appointment of New Magistrate Judge" for the 2024 position (highlighted in Exhibit F it states, "A merit selection panel composed of attorneys and other members of the community will review all applicants and recommend to the district judges *in confidence* the five persons it considers best qualified. A list of the members of the panel constituted by the Court is set forth in the attached Order." The words "*in*

*confidence*" clearly affirm the bond of trust between the members of the Merit Selection Panel and the District Judges, which included The Honorable Indira Talwani. Also, the notice states the 9 members of the Panel which included attorney Jennifer Cullinane Pucci's name. However, attorney Jennifer Cullinane Pucci has never cited the distinction of serving on any Panel (as many attorneys have done, as seen in the *Twitter* post below) anywhere on her page for her employer- the Defendant, or any other social media pages, even though she has the additional mention of serving more than once (i.e., [Cole Schotz P.C. on X: "James Lewis has been appointed to serve on the Merit Selection Panel, which plays a key role in selecting the next United States Magistrate Judge in Trenton, New Jersey. #meritselection #UnitedStatesDistrictCourt #appointment https://t.co/z97Q1GA5ee" / X](https://t.co/z97Q1GA5ee)).With either a District Judge or Magistrate Judge presiding, attorney Jennifer Cullinane Pucci knew that she would receive favor in this case, unknown by the Plaintiff.

In summation, attorney Jennifer Cullinane Pucci has had key and very influential involvements with the totality of the Massachusetts District Court and its members, which makes her an unethical and unfit representative of the Defendant in every conceivable way in this particular case. The Plaintiff now fully understands why attorney Jennifer Cullinane Pucci provided such a swift response to the Plaintiff's recently filed Motion for Recusal, for she knew she had established tangible ties with the District Court, which included The Honorable Indira Talwani, stemming from her close involvement with each throughout the years.

Moreover, it is unsettling to consider that attorney Jennifer Cullinane Pucci did indeed think that she was an ethical and proper representative of the Defendant in this case for a fair and impartial trial. In fact, despite numerous document filings by the Plaintiff with credible and accurate documents raising concerns with deceitful and unlawful actions from attorney Jennifer Cullinane Pucci, there has never been action to address attorney Jennifer Cullinane Pucci's actions in any way, or granting a conference to discuss concerns with the Plaintiff, only reprimands for the Plaintiff

when making his best earnest efforts. The Plaintiff feels these occurrences have continued based from the now obvious Conflict of Interest. Hence, these occurrences must now cease with granting the Motion to Disqualify Counsel and giving deserved and warranted relief to the Plaintiff.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court grant the Motion to Disqualify Counsel and assign new counsel to represent the Defendant in this matter. In addition, for the reasons discussed in this Motion to Disqualify Counsel along with the Court being aware of the reasons of Conflict of Interest with attorney Jennifer Cullinane Pucci and the Massachusetts District Court, the Plaintiff respectfully and rightfully requests that the Court enter an order also (1) to strike the filed Motion for Summary Judgment by attorney Jennifer Cullinane Pucci from the record and order that new counsel for the Defendant construct a new one; (2) to strike the subpoenas of both Kirsten Durocher and Jennifer Pascarella permanently from the record, for each was constructed by attorney Jennifer Cullinane Pucci while she was acutely aware of her Conflict of Interest with the Massachusetts District Court whose Justices included The Honorable Indira Talwani; (3) to strike the subpoena issued and obtained by attorney Jennifer Cullinane Pucci to *The Tennessee Tribune* permanently from the record due to the fact that the subpoena was constructed while she was acutely aware of her Conflict of Interest with the Massachusetts District Court whose justices included The Honorable Indira Talwani; (4) to disallow attorney Jennifer Cullinane Pucci to serve in any assisting role or capacity for any replacement counsel for the Defendant in this matter.

## CONCLUSION

Unequivocally, attorney Jennifer Cullinane Pucci was in a privileged position of distinction to be selected to serve by appointment from Massachusetts District Court Justices with 8 other members on a Merit Selection Panel for Magistrate Judges on more than one occasion. There is no possible way that she can deny serving on the Panel for the District of Massachusetts while this case

was ongoing, creating a definite Conflict of Interest. Even though there has been substantial damage done to the Plaintiff's case by allowing attorney Jennifer Cullinane Pucci to represent the Defendant for a lengthened amount of time in this case with the non-addressing of the Conflict of Interest, the granting of these requests of the Plaintiff by the Court would represent true fairness and equity. It also assists in lessening the researched and documented diminishing national levels of public trust and confidence in the federal courts, as recognized by the federal courts themselves (uscourts.gov). In Massachusetts, located within the Massachusetts Code of Judicial Conduct in Canon 1, it states that a judge shall act at all times in a manner that promotes public confidence in the judiciary's independence, integrity, and impartiality. The judge must also avoid impropriety and its appearance.

What has occurred with the Pro Se Plaintiff is contrary to research to preserve public trust, confidence, and understanding with federal courts *and* attorneys which include strict adherence to ethical standards, transparent judicial processes, clear communication of rulings, upholding impartiality, and addressing accountability. Assuredly, public trust in federal courts *and* attorneys (including University counsel) would be further decreased with awareness of this occurrence of a nationally distinguished African-American male Pro Se Plaintiff who thought he was going to be treated with impartiality and equity when the filing of his claim was made against the Defendant.

The evidence provided in this Motion to Disqualify Counsel is irrefutable and indefensible. Therefore, the Court is respectfully urged to support the Motion in its entirety. There should never be even a modicum of leniency or reward given to any attorney (or to those who employ the attorney) who is licensed and always claims to follow and be knowledgeable of all principles and ethics of the law that takes advantage of Conflict of Interest against a Pro Se Plaintiff, especially since attorney Jennifer Cullinane Pucci never exercised the ethical and lawful option of recusal when she knew that she was going to be representing the Defendant and serving on the Merit Selection Panel for a Magistrate Judge for the Massachusetts District Court concurrently, along with

the full awareness of her serving on a similar Panel in the past, fully cognizant of the fact that The

Honorable Indira Talwani was a part of the Massachusetts District Court Justices on both occasions.

Visibly seen on the Staff Directory for Boston University's Office of General Counsel are other

attorneys (5) who deal with "Academic and Faculty Affairs" other than attorney Jennifer Cullinane

Pucci. Also of note, none of the other 5 aforementioned attorneys has served on a Merit Selection

Panel as a selectee for the Massachusetts District Court Justices in the past.

To emphasize, attorney Jennifer Cullinane Pucci is the only attorney whose name is seen as a

selectee by the Justices for the Massachusetts District Court, which includes The Honorable Indira

Talwani, to serve on the Merit Selection Panel on both aforementioned lists. Therefore. reward or

leniency cannot lawfully be given by the Court, even with the serving of duty as a selectee for the

Massachusetts District Court, by an attorney who has committed Conflict of Interest. Thus, the

aforementioned relief requested by the Pro Se Plaintiff is more than justified, in entirety, in the true

cores of the foundational principles of fairness and impartiality in judicial proceedings.

Respectfully submitted,

BRARAILTY "REL" DOWDELL
Pro se plaintiff
*/s/ Brarailty "Rel" Dowdell*

Brarailty "Rel" Dowdell
reldowdell@yahoo.com
61 Hollis Wood Drive
Hampton, VA 23666
(267) 226-8709

Dated:    January 6, 2025

## CERTIFICATE OF SERVICE

I hereby certify that this document was filed through the ECF system. Also, copies will be
sent to attorney Jennifer C. Pucci at jcpucci@bu.edu and her assistant Sabine Haskell at
haskells@bu.edu on January 6, 2025.

/s/ Brarailty "Rel" Dowdell
Brarailty "Rel" Dowdell

14

**EXHIBIT A**



## UNITED STATES DISTRICT COURT
### DISTRICT OF MASSACHUSETTS
### 300 STATE STREET
### SPRINGFIELD, MASSACHUSETTS 01105

MARK. G. MASTROIANNI
DISTRICT JUDGE

PHONE: (413) 785-6846
MARK_MASTROIANNI@MAD.USCOURTS.GOV

August 3, 2021

FOR PUBLIC RELEASE

RE:  Formation of a Merit Selection Panel for the Review of the Reappointment of Federal Magistrate Judge Kelly and Candidates to fill a vacancy created by the retirement of Federal Magistrate Judge Bowler

I am seeking recommendations or interested volunteers who would like to be considered for service on the panel. The merit selection panel will be composed of nine individuals appointed by majority vote of the District Court. The chair of the panel will be Attorney Erika P. Reis, current president of the Massachusetts chapter of the Federal Bar Association. I presently serve as the District Judge overseeing this process and will be working with the merit selection panel throughout.

**EXHIBIT B**

The merit selection panel plays a critical role in the process for appointing and reappointing magistrate judges. When there is a vacancy, the merit selection panel reviews applications, conducts interviews, contacts references, evaluates candidates, and recommends a list of candidates to the District Court. During the reappointment process, the merit selection panel reviews the performance of the sitting magistrate judge, considers comments received from members of the bar and the public, and may conduct interviews. The merit selection panel then reports to the District Court whether it recommends the reappointment of the sitting magistrate judge. After receiving recommendations from the merit selection panel regarding appointments or reappointments, the District Court will make a determination on each action by a majority vote.

**EXHIBIT C**

Yes, in the United States federal court system, every active district judge within a district participates in the vote to select members of a merit selection panel, which is responsible for reviewing and recommending candidates for magistrate judge positions; the final decision on panel members is made by a majority vote of all the district judges in that district. 🔗

**EXHIBIT D**

**UNITED STATES DISTRICT COURT**
**DISTRCT OF MASSACHUSETTS**

**PUBLIC NOTICE**

The current term of the office of **United States Magistrate Judge David H. Hennessy** will expire on May 5, 2021. In accordance with 28 U.S.C. §631(b)(5) and regulations promulgated by the Judicial Conference of the United States, the United States District Court for the District of Massachusetts will appoint a panel of citizens to advise the court concerning the reappointment of Judge Hennessy to a new eight-year term.

The duties of a magistrate judge include, in criminal cases the conduct of most preliminary proceedings, as well as trials and dispositions of misdemeanor offenses. In civil cases, the duties encompass managing various pretrial matters, presiding over evidentiary proceedings on delegation from the district judges, and conducting trials upon the consent of the litigants.

In aid of its review and evaluation of the incumbent's performance in office, the panel will consider comments from members of the bar and the public and any other evidence of Judge Hennessy's character, ability, fairness, and commitment to equal justice. It will report it's recommendations to the Court.

Comments from members of the bar and the public concerning the incumbent's qualifications for reappointment are invited and must be received by **December 30, 2020**. They should be marked "Confidential" and directed to:

> Robert M. Farrell
> Clerk of Court
> Attn: USMJ - Reappointment
> United States District Court
> 1 Courthouse Way, Suite 2300
> Boston, MA 02210

**EXHIBIT E**

**UNITED STATES DISTRICT COURT**
**DISTRCT OF MASSACHUSETTS**


October 28, 2020                                          *Robert M. Farrell*
                                                         Clerk of Court

<u>Order</u>

After consideration by this court of Section 3.02 of the "Regulations of the Judicial Conference of the United States Establishing Standards and Procedures for the Appointment and Reappointment of United States Magistrate Judges," it is hereby ORDERED that the following persons are appointed members of the Merit Selection Panel, effective October 30, 2020.

Erika P. Reis, Esq., Chair
Jason Chan, Esq.
Philip Clay
Peter Ettenberg, Esq.
Giselle Joffre, Esq.
Robert Mercier
Beth Meyers, Esq.
Hector Pineiro, Esq.
Jenn Pucci, Esq.

The Panel will, in accordance with the above regulations, report to the court by **January 28, 2021** its recommendations regarding the re-appointment of Magistrate Judge David H. Hennessy.


Dated: October 28, 2020                    */s/ Mark G. Mastroianni*
                                           For the Court, Mark G. Mastroianni
                                           United States District Judge

**EXHIBIT F**

**UNITED STATES DISTRICT COURT
DISTRCT OF MASSACHUSETTS**

<u>**PUBLIC NOTICE FOR APPOINTMENT OF NEW MAGISTRATE JUDGE**</u>

The Judicial Conference of the United States has authorized the appointment of a full-time United States Magistrate Judge for the District of Massachusetts, serving in the Eastern Division, with a duty station in the John Joseph Moakley United States Courthouse in Boston, MA, commencing upon the retirement of Magistrate Judge Judith G. Dein in 2024.

The duties of the position are demanding and wide-ranging, including, but not limited to:
(1) conduct of most preliminary proceedings in criminal cases; (2) trial and disposition of misdemeanor cases; (3) conduct of various pretrial matters and evidentiary proceedings on delegation from a District Judge; and (4) trial and disposition of civil cases upon consent of the litigants. The basic authority of a United States Magistrate Judge is specified in 28 U.S.C. § 636. A summary of Magistrate Judge duties are maintained on www.uscourts.gov.

To be qualified for appointment an applicant must:

(1)   Be, and have been for at least five years, a member in good standing of the bar of the highest court of a State, the District of Columbia, the Commonwealth of Puerto Rico, the Territory of Guam, the Commonwealth of the Northern Mariana Islands, or the Virgin Islands of the United States, and have been engaged in the active practice of law for a period of at least 5 years (with some substitutes authorized);

(2)   Be competent to perform all the duties of the office; be of good moral character; be emotionally stable and mature; be committed to equal justice under the law; be in good health; be patient and courteous; and be capable of deliberation and decisiveness;

(3)   Be less than seventy years old; and

(4)   Not be related to a judge of the district court.

A merit selection panel composed of attorneys and other members of the community will review all applicants and recommend to the district judges in confidence the five persons it considers best qualified. A list of the members of the panel constituted by the Court is set forth in the attached Order.

The court will make the appointment following an FBI full-field investigation and an IRS tax check of the applicant selected by the court for appointment. The individual selected must comply with the financial disclosure requirements pursuant to the Ethics in Government Act of 1978, Pub. L. No. 95-521, 92 Stat. 1824 (1978) (codified at 5 U.S.C. app. §§ 101-111) as implemented by the Judicial Conference of the United States. An affirmative effort will be made to give due consideration to all qualified applicants without regard to race, color, age (40 and over), gender, religion, national origin, or disability. The current annual salary (CY2024) of the position is $213,992. The term of office is eight years.

**EXHIBIT G**

Application forms and more information on the magistrate judge position in this Court may be obtained from the court's website at:
www.mad.uscourts.gov/human-resources/emp-home.htm

Submitted applications (original and 14 copies) shall be marked "CONFIDENTIAL," signed by the applicant personally and **must be received before 5:00 PM on January 12, 2024** to be considered.

All applications will be kept confidential, unless the applicant consents to disclosure, and all applications will be examined only by members of the merit selection panel and the Judges of the Court. The panel's deliberations will remain confidential.

October 30, 2023

Robert M. Farrell
Clerk of Court

**EXHIBIT H**
**Order**

After consideration by this court of Section 3.02 of the "Regulations of the Judicial Conference of the United States Establishing Standards and Procedures for the Appointment and Reappointment of United States Magistrate Judges," it is hereby ORDERED that the following persons are appointed members of the Merit Selection Panel, effective November 1, 2023.

Lisa Goodheart, Esq., Chair
Mala Rafik, Esq.
Kevin Prussia, Esq.
William Abely, Esq.
Jenn Pucci, Esq.
Damian Wilmot, Esq.
Mark Pearlstein, Esq.
AiVi Nguyen, Esq.
David Hoose, Esq.
Allyson Lorimer Crews
Gerry Howland

The Panel will, in accordance with the above regulations, report to the court on or before **March 22, 2024** its recommendations regarding the appointment of a new Magistrate Judge.

Dated: October 30, 2023

*/s/ Patti B. Saris*
For the Court, Patti B. Saris
United States District Judge

**EXHIBIT I**

AFPD Jennifer Pucci has worked with the
District of Massachusetts on the planning and
implementation of RISE, a new diversion
program.  The Office continued to staff a

**EXHIBIT J**

Magistrate Judges: The Merit Selection Process                    [YouTube ⧉]

▶ YouTube · United States Courts · Jun 5, 2019



| In this video | |
| --- | --- |
| 00:14 | MAGISTRATE JUDGES: THE MERIT SELECTION PROCESS |
| 02:20 | MAGISTRATE JUDGE QUALIFICATIONS |
| 03:50 | LIMITATIONS TO CANDIDACY |

**EXHIBIT K**

==Merit selection panels work very closely
with district judges,== as the panel is
responsible for identifying and
recommending qualified candidates to the
district judges who then make the final
decision on appointing a new magistrate
judge; essentially, the panel provides the
district judges with a list of highly vetted
candidates to choose from, based on their
evaluation of qualifications and merit. 🔗

**Key points about the relationship between
merit selection panels and district judges:**

**Appointment of the panel:**

==The district judges within a jurisdiction appoint
the members of the merit selection panel.== 🔗

**Learn more:**

| [1] Panels Focus on Merit in Selection of Magistrate … | [2] The Selection, Appointment, and Reap… | [3] A look inside the merit selection process for U… |
| --- | --- | --- |
| 🏛 uscourts.gov | 🏛 rid.uscourts.gov | 🌐 interdependentcourt… |

**EXHIBIT L**

Yes, serving on a merit selection panel can be a significant way for an attorney to build relationships with district judges, as it provides a direct opportunity to interact with them during the process of evaluating and recommending potential judges, often leading to increased familiarity and professional rapport.  🔗

## Key points about merit selection panels and building relationships with judges:

**Direct interaction:**

When serving on a panel, attorneys actively review applications and interview potential judges alongside the district judges, fostering a more personal connection.  🔗

**Shared responsibility:**

The collaborative nature of the panel process means attorneys are working towards a common goal with the judges, which can create a positive dynamic.  🔗