UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| BRARAILTY JAMES DOWDELL, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 1:24-cv-10014-IT |
| | * | |
| TRUSTEES OF BOSTON UNIVERSITY, | * | |
| | * | |
| Defendant. | * | |
| | * | |
| | * | |

MEMORANDUM & ORDER
January 8, 2025

TALWANI, D.J.

Plaintiff Brarailty James Dowdell's Motion for Recusal [Doc. No. 68] seeks my recusal from this proceeding. "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). The focus of that inquiry is "the existence of facts that would prompt a reasonable question in the mind of a well-informed person about the judge's capacity for impartiality[.]" In re Bulger, 710 F.3d 42, 46 (1st Cir. 2013).

At the same time, "[t]here is as much obligation for a judge not to recuse when there is no occasion for him to do so as there is for him to do so when there is." U.S. v. O'Brien, 2014 WL 535663, at *9 (D. Mass. Feb. 6, 2014) (quoting Hinman v. Rogers, 831 F.2d 937, 939 (10th Cir. 1987)); see also U.S. v. Snyder, 235 F.3d 42, 45 (1st Cir. 2000) ("judges are not to recuse themselves lightly under § 455(a)).

Plaintiff points to an event hosted by the Boston Intellectual Property Law Association, at which Dr. Jessica Silbey, a Professor at the Boston University School of Law, was a keynote speaker and at which I received an award. These circumstances do not occasion recusal.

Accordingly, Plaintiff's <u>Motion for Recusal</u> [Doc. No. 68] is DENIED.

IT IS SO ORDERED.

<u>/s/ Indira Talwani</u>
United States District Judge